```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

KATHY AMISS                                CIVIL ACTION

VERSUS                                     NO: 07-1696

LOWE'S COMPANIES, INC., ET                 SECTION: "A" (4)
AL.
```

### ORDER

Before the Court is a **Motion to Remand (Rec. Doc. 6)** filed by plaintiff Kathy Amiss. Defendant Lowe's Home Centers, Inc. ("Lowe's") opposes the motion. The motion, set for hearing on July 25, 2007, is before the Court on the briefs without oral argument. For the reasons that follow the motion is **GRANTED**.

### I.   BACKGROUND

Plaintiff initiated this suit in state court against Lowe's. Plaintiff alleges that on or about November 12, 2005, she sustained injuries while shopping at the Lowe's located in Metairie, Louisiana. (Pet. ¶¶ 2,4). Plaintiff claims that she was struck by a loaded wooden pallet being maneuvered by one of Defendant's employees. (Pet. ¶ 4). Plaintiff alleges that she fell to the ground and sustained injuries to her back, arms, and wrists for which she was forced to endure significant pain and disability, loss of wages, loss of earing capacity, medical expenses and associated travel expenses. (Pet. ¶¶ 4, 7).

Lowe's removed the suit alleging jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction. Lowe's contends that Plaintiff's responses to Interrogatories and Requests for Production of Documents revealed that the amount in controversy exceeds $75,000. Plaintiff is a Louisiana citizen and Lowe's is a citizen of North Carolina.

Plaintiff moves to remand the case to state court. Plaintiff argues that remand is appropriate because her future course of medical treatment, including the possibility of elective surgery, remains uncertain at this time.

In opposition, Lowe's argues that Plaintiff continues to complain of pain and has already incurred $12,000 in medical expenses. Lowe's points out that the option of surgery has been offered to Plaintiff but that Plaintiff has not yet decided whether she will undergo surgery.

## II.  DISCUSSION

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. In re North American Philips Corp., 1991 WL 40259, at *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. Id. Any doubt regarding whether removal

jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988)).

In Luckett v. Delta Airlines, Inc., the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed. 171 F.3d 295, 298 (5th Cir. 1999). In such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Id. (citing De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)). As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

Id. (citing Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

Lowe's has not demonstrated by a preponderance that the amount in controversy exceeds $75,000. Although Plaintiff has incurred $12,000 in medical expenses since her accident in November 2005,

Plaintiff had not seen a medical doctor in four months when Defendant's medical expert examined her in April 2007. (Def. Exh. 2). Plaintiff was taking Aleve to relieve any discomfort. (Id.). Plaintiff was unemployed at the time of her injury so to date she has no lost wage claim.

The lynchpin of Defendant's removal petition is the *possibility* that Plaintiff could undergo surgery for her symptoms. Two physicians have offered Plaintiff the possibility of surgery, should she choose to have it, as a means to address some of her symptoms if conservative treatment does not suffice. Lowe's contends that if Plaintiff does elect surgery then the amount in controversy will unarguably exceed $75,000. Lowe's is concerned that Plaintiff will simply hold off on surgery until after the one-year removal period expires thereby forever precluding Lowe's from removing this case and enjoying the federal forum to which it would clearly be entitled.

The mere possibility of elective surgery is far too speculative to satisfy Defendant's burden on removal. It is undisputed that as of today the amount in controversy does not exceed $75,000. Given that removal is to be narrowly construed the Court cannot retain jurisdiction over this case based on speculation regarding Plaintiff's future medical treatment.

The Court understands Lowe's concerns with losing its

4

opportunity to obtain a federal forum should Plaintiff elect surgery at a later date.  However, such arguments are not a basis for this Court to retain a case over which it currently has no jurisdiction.  See City & County of San Francisco v. West. Trans., Inc., No. 06-3930-VRW, 2006 WL 3259006, at *2 (N.D. Calif. Nov. 9, 2006).

    Accordingly;

    **IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 6)** filed by plaintiff Kathy Amiss should be and is hereby **GRANTED**.  This case is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

July 26, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

5